UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY, *et al.*,

    Plaintiffs,

v.

Case No. 24-cv-11881
Honorable Linda V. Parker

SPINE SPECIALISTS OF MICHIGAN, P.C., *et al.*,

    Defendants.
_____/

# OPINION AND ORDER REGARDING APPOINTMENT OF DISCOVERY MASTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(a)(1)(C) AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS TO COMPEL (ECF Nos. 39, 40)

Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and ASMI Auto Insurance Company's (collectively, "Allstate") filed this case alleging Defendants defrauded Allstate by submitting false and fraudulent medical records, bills, and invoices. (ECF No. 1, PageID.2.) This case has been pending for approximately a year and has generated significant discovery-related motion practice already. There are currently four discovery motions pending before the Court, and counsels' emails to chambers suggest that more disputes are likely to arise.

The parties' inability to efficiently and effectively work through their discovery disputes has unduly burdened court resources and has hindered "the just,

speedy, and inexpensive determination" of this lawsuit. *See* Fed. R. Civ. P. 1. Before this case was reassigned to the undersigned, it was pending before Judge Mark A. Goldsmith who warned the parties he intended to appoint a discovery master at the April 8, 2025 status conference. As the issues remained unresolved when this case was reassigned, at the July 22, 2025 status conference the Court informed the parties that it intended to appoint a discovery master in this matter. At this juncture, the Court concludes that the appointment of a discovery master is warranted.

The purpose of a discovery master is "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). To this end, Federal Rule of Civil Procedure 53(a)(1)(C) authorizes appointment of a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "The decision to appoint a master whose function is to aid the judge in the performance of specific judicial duties, is within the discretion of the District Court." *In re United States*, 816 F.2d 1083, 1086 (6th Cir. 1987) (quoting *Bradshaw v. Thompson*, 454 F.2d 75, 80 (6th Cir.), *cert. denied* 409 U.S. 878 (1972)).

Accordingly, **IT IS ORDERED** that, unless objections are made or grounds

for disqualification are found, Retired United States District Judge Victoria A. Roberts is **APPOINTED** as discovery master in this matter pursuant to Rule 53, and her authority is governed by this Opinion and Order, as well as Federal Rule of Civil Procedure 53(c), including the authority under Rule 53(c)(2).

**IT IS FURTHER ORDERED** that Judge Roberts must file an affidavit within two weeks of this Opinion and Order, disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. The parties then have ten days to raise objections to her appointment.

**IT IS FURTHER ORDERED** that Judge Roberts' appointment will take effect if no valid objections are raised and her affidavit reflects no grounds for her disqualification or, if a ground is disclosed, the parties waive the disqualification.

**IT IS FURTHER ORDERED** that Plaintiffs' pending Motions to Compel (ECF Nos. 39, 40) are **DENIED WITHOUT PREJUDICE** to be presented to Judge Roberts, if necessary, in accordance with this Order and the protocols she establishes.

**IT IS FURTHER ORDERED** that, if Judge Roberts' appointment takes effect, the following provisions govern her appointment:

**A. Discovery Master's Duties**

The Discovery Master shall assist the parties in managing pretrial discovery and shall mediate disputes related to discovery matters upon the interested parties'

3

request. The Discovery Master shall also have the authority to hear and rule upon motion(s) by any party relating to pretrial discovery matters subject to any party's right to de novo review by the Court. Specifically, the Discovery Master shall have the authority to:

1. preside over any discovery-related hearings or conference sessions, with the goal of resolving discovery disputes and other discovery issues;

2. mediate and assist the parties in resolving pretrial discovery disputes without requiring a written motion, upon the interested parties' joint request;

3. hear and rule upon discovery motion(s) by any party, including but not limited to motion(s) related to:

    a. disputes concerning production of hard-copy documents or electronically store information (ESI), including but not limited to identification, preservation, collection, processing, review, analysis, production, and other related ESI issues;

    b. deposition of party fact and expert witnesses and of third parties (other than any motion or application filed with the Court by a third party on its own behalf);

    c. claims of alleged spoliation;

    d. interpretation of any written agreements between the parties related to discovery;

    e. compliance by a party or parties with any ruling by the Discovery Master, after such ruling becomes final pursuant to Section F below;

    f. implementation and compliance with the Court's discovery-related orders; and

    g. such other matters related to pretrial discovery as may be specifically requested and referred to the Discovery Master by

the Court.

**B. Communications with the Parties and the Discovery Master**

All written communications directed to the Discovery Master shall be sent to the Discovery Master via electronic mail at vroberts@jamsadr.com, copying dwillett@jamsadr.com. The Discovery Master shall not communicate ex parte with any party or any party's attorney(s) except when such communication is: (a) necessary to maintain the confidentiality of trade secret, proprietary, or other necessary information; (b) necessary to maintain any privilege related to specific information or documents that are the subject of a motion or other dispute presented to the Discovery Master; (c) solely related to procedural matters to ensure the efficient administration, management, and oversight of this case, including scheduling meetings, conferences, calls, hearings, or other non-substantive matters; or (d) made with the interested party or parties' prior consent, in the context of mediation or negotiation concerning part or all of any discovery-related dispute. Other than ex parte communications authorized above, copies of all written communications directed to the Discovery Master shall be copied to counsel for the opposing party or parties.

The Discovery Master shall not communicate ex parte with the Court, except that the Discovery Master may report to the Court concerning procedural matters relating to the status of any motion(s) or other matters presented to the Discovery

5

Master by the parties, scheduling, logistics, and other administrative management of the litigation, and other appropriate procedural matters. When practicable, the Discovery Master will give the parties advance notice of such communications. The Discovery Master shall not communicate ex parte with the Court concerning any substantive matter except by mutual agreement of all parties.

### C. Submissions of Disputes to the Discovery Master

The parties must first attempt to resolve discovery disputes through the conferral process set forth in the applicable rules. If any dispute(s) remains, the parties must seek a pre-motion conference with the Discovery Master to attempt to resolve the dispute(s) before submitting any briefing concerning the dispute(s). The potential movant(s) shall communicate with the Discovery Master electronically via email, at vroberts@jamsadr.com, copying dwillett@jamsadr.com, to request such a conference, submitting a summary of the issue, not exceeding one page of single-spaced text. The opposing party may submit a brief response through the same means and subject to the same page and spacing limitations. Opposing counsel must be copied on these communications. To the extent practicable, the Discovery Master shall conduct a pre-motion conference within five (5) business days of a party's request.

Discovery-related motions filed by a party with the Discovery Master shall be supported by a memorandum describing the legal and factual basis for the

requested relief, as well as copies of any documents necessary to resolve the motion. Responses will be due ten (10) days after service of a motion, and replies will be due five (5) days after service of the response. All briefing submissions will be delivered to the Discovery Master in a binder along with an electronic copy to the Discovery Master, her legal assistant, and paralegal. The submitting party shall deliver to the Discovery Master a binder (the "Discovery Master Copy") containing that party's briefing and supporting exhibits separated by numbered or lettered exhibit tabs. The parties will follow procedures for filing documents under seal in accordance with the protective order entered in this case and any applicable statute or rule. *See, e.g.*, E.D. Mich. LR 5.3. The Discovery Master Copy containing filings made under seal will include copies of both the redacted and unredacted document(s) sought to be filed under seal.

**D. Proceedings Before the Discovery Master**

Appearances before the Discovery Master will be conducted in the manner designated by the Discovery Master, and may include remote hearings and conferences through an electronic platform selected by the Discovery Master.

For any hearing or conference before the Discovery Master, the proceedings will be recorded, and afterwards the parties will arrange for a court reporter to provide a transcript of the proceeding. In the alternative, the parties may arrange for the presence of a court reporter at any hearing or conference to transcribe the

proceeding. The cost of each transcript will be allocated, with Plaintiffs collectively bearing responsibility for 50% and Defendants bearing responsibility for 50%.

**E. Rulings by the Discovery Master**

The Discovery Master shall enter a written order on all discovery-related motions. The Discovery Master may rule on the parties' briefing only, and without oral argument, and may issue a single order addressing multiple motions. The Discovery Master shall file the order on the case docket, with electronic copies to the parties' counsel, within fifteen (15) days following the completion of briefing on the motion or oral argument, if any, on the motion.

**F. Review of the Discovery Master's Rulings**

Any party may file an objection(s) with the Court to an order by the Discovery Master within ten (10) days after any such order is filed by the Discovery Master. Response(s) to any objection(s) are due five (5) days after objection(s) are filed. The objecting party may file a reply five (5) days thereafter. Objections shall be specific and accompanied by a memorandum describing the legal and/or factual basis for the objection(s).

The Court shall review objections to findings of fact and conclusions of law de novo. *See* Fed. R. Civ. P. 53(f)(3)-(4). However, the parties may stipulate that the Court's review of objections to findings of fact will be reviewed for clear error

or will be final. *See* Fed. R. Civ. P. 53(f)(3)(A), (B). The Discovery Master's ruling on a procedural matter will be reviewed for an abuse of discretion. *See* Fed. R. Civ. P. 53(f)(5). Absent timely objection, and unless the Court expressly directs otherwise, orders of the Discovery Master shall be deemed final to the same extent as an order issued by the Court.

**G. Discovery Master's Billing Record**

The Discovery Master shall maintain detailed billing records of time spent by her and any assistant(s) working on this case, with reasonably detailed descriptions of the activities and matters worked on. The Discovery Master shall maintain a record of materials and communications that form the basis for any orders in a manner determined at the Discovery Master's discretion.

**H. Compensation**

The Discovery Master shall be privately compensated by the parties for all services rendered by her or her assistant(s). The Discovery Master will bill time at an hourly rate of $850.00 and her research attorney will bill at an hourly rate of $350.00 ("Professional Fees"). The parties must pay case management fees to JAMS. There is an initial non-refundable fee of $1,000.00 per party, plus 13% of Professional Fees. Only fees and expenses that are reasonably necessary to fulfill the Discovery Master's duties and responsibilities under this Order will be incurred. Attached to this Order is the General Fee Schedule of Judge Roberts.

All services provided in this case by the Discovery Master, including those of her assistant(s), shall be at the expense of the parties, with Plaintiffs collectively bearing responsibility for 50% and Defendants collectively bearing responsibility for 50%. The Discovery Master shall submit itemized and detailed invoices describing all services billed on a monthly basis. A case management fee of 13% of professional fees will be paid for every invoice. The Discovery Master shall submit such monthly invoices directly to lead counsel for each party and shall provide the parties with details for remittance to the Discovery Master by electronic direct deposit. Plaintiffs and Defendants shall remit their proportionate shares of each invoice within thirty (30) days of receipt.

Any objection to an invoice issued by the Discovery Master shall be first brought to the Discovery Master's attention, in writing. Portions of an invoice not objected to shall be paid within sixty (60) days of receipt. If an objection to an invoice is not resolved with the Discovery Master within ten (10) days of the objection being lodged, the objecting party shall file the objection under seal and it will be resolved by the Court. However, by agreement between the Discovery Master and the parties, the time to resolve objections may be extended.

**I. Other Matters**

  1. **Term of Service**

The Discovery Master's term of service will end upon entry of final

judgment and the exhaustion of all appeals, including the award of any applicable attorney fees or costs in this matter, or when this Court terminates the appointment, whichever comes first.

2. **Cooperation**

The parties and their counsel, including their successors in office, agents, and employees shall provide full cooperation to the Discovery Master, and any assistant(s) employed by the Discovery Master, in performing the duties and responsibilities set forth in this Order. The parties shall timely comply with rulings of the Discovery Master under this Order, subject to the procedures above for review of objections by the Court. The Discovery Master may by order impose on a party or a party's counsel any non-contempt sanction provided by Federal Rules of Civil Procedure 37 or 45, and may recommend to the Court a contempt sanction against a party and/or a party's counsel and sanctions against a nonparty. *See* Fed. R. Civ. P. 23(c)(2). As an agent and officer of the Court, the Discovery Master and her assistant(s) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other judicial adjuncts performing similar functions.

3. **Access to Information**

Within seven (7) days of this Order, the parties shall provide the Discovery Master with: (a) a copy of any protective order entered in this matter; and (b) a

current and accurate list of all email addresses of all counsel in this case, including identifying lead counsel for each party. The list of email addresses shall be the master list for notice and service by the Discovery Master for any activity in this case. If any additional counsel enter the case, or any email addresses change, it shall be the obligation of that counsel to immediately notify the Discovery Master and all parties of the new email address. The parties will make readily available to the Discovery Master any and all individuals, information, documents, materials, programs, files, databases, services, facilities, and premises under their control that the Discovery Master requires to perform her duties and functions under this Order.

    **SO ORDERED**.

                                                          s/LINDA V. PARKER
                                                          U.S. DISTRICT JUDGE

Dated: August 8, 2025