ALLSTATE INSURANCE CO., et al.,

       Plaintiffs,

v.

SPINE SPECIALISTS OF
MICHIGAN, P.C., et al.,

       Defendants.

Case No. 24-cv-11881
Honorable Linda V. Parker

_____/

## <u>ORDER DENYING COSTS AND FEES RELATED TO PLAINTIFFS'<br>MOTION FOR ORDER TO SHOW CAUSE</u>

On February 14, 2025, Plaintiffs moved for an order requiring the following third parties to show cause as to why they should not be held in contempt for failing to respond to Plaintiffs' discovery subpoena: Claims Reimbursement Specialists, LLC ("CRS"), Genesis Alternative Finance III LLC ("Genesis III"), Genesis Alternative Finance IV LLC ("Genesis IV"), eClinicalworks, LLC ("eClinicalworks"), and Accurate Care L.L.C. ("Accurate Care").  (ECF No. 26.) Plaintiffs' counsel certified in the motion that they had been unable to obtain concurrence from the subpoenaed third parties because the third parties failed and refused to respond to Plaintiffs in any way.  (*Id*. at PageID.840.)  Plaintiffs subsequently withdrew the motion as to eClinicalworks.  (ECF No. 38.)

The Honorable Mark A. Goldsmith, to whom this case was then assigned, subsequently recused himself and the matter eventually was reassigned to the undersigned on April 22, 2025. (*See* ECF Nos. 63-66.) Plaintiffs thereafter informed the undersigned that the sole remaining issue requiring resolution with respect to their February 14 motion was the fees and costs Plaintiffs were entitled to for having to file the motion. The Court issued an opinion and order on August 8, 2025, requiring the third parties to show cause as to why Plaintiffs' request for reimbursement of their fees and costs should not be granted. (ECF No. 78.) Plaintiffs subsequently resolved the issue of fees and costs with all of the third parties except CRS. (ECF Nos. 93, 94.) CRS filed a response to the show cause order on September 22, 2025 (ECF No. 95), to which Plaintiffs responded (ECF No. 97).

Plaintiffs subpoenaed CRS pursuant to Federal Rule of Civil Procedure 45. (*See* ECF No. 36-2.) Thus, when CRS failed to timely respond to the subpoena, Plaintiffs filed a motion asking the Court to issue an order requiring CRS to show cause as to why it should not be held in contempt pursuant to Rule 45(g). (ECF No. 36); *see also* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to

it."). CRS complied with the subpoena before being found in contempt—in fact, even before a show cause order was issued.

As numerous courts have observed, Rule 45 does not contain a provision for the recovery of attorney's fees or expenses from a subpoenaed non-party. *See, e.g., NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F.Supp.2d 1172, 1181 (D. Kan. 2007) ("Unlike Rule 37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena duces tecum."); *PDV USA, Inc v. Rivera*, No. 24-cv-20456, 2025 WL 857711, at *2 & n.3 (S.D. Fla. Jan. 22, 2025) (collecting cases reaching the same conclusion); *Markus v. Rozhkov*, 615 B.R. 679, 703 (S.D.N.Y. 2020) ("A plaintiff and a non-party Rule 45 subpoena recipient may 'oppos[e] each other with respect to relief sought by one of them,' but that dispute does not turn the non-party subpoena recipient into a 'party' who is then sanctionable under Rule 37. If disobeying a Rule 45 subpoena made a non-party into a 'party' sanctionable under Rule 37, then Rule 45(g)'s provision allowing courts to hold in contempt 'person[s]' who fail to 'obey the subpoena or an order related to it' would be mere surplusage."); *Powell v. State Farm Mut. Auto. Ins. Co.*, No. 11-cv-11280, 2012 WL 12930351, at *2 (E.D. Mich. July 25, 2012) (quoting *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994)) (observing that "[o]ther courts have . . . remarked that the 'only authority in the Federal Rules of Civil Procedure

for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45(e)'"); *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena duces tecum, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization.") *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 38 (E.D.N.Y. 1998) (stating that Rule 45 sets forth the "exclusive remedy for sanctioning [a non-party]" for failure to appear at depositions).  Notably, Magistrate Judge Anthony P. Patti reached the same conclusion in *Allstate Insurance Company v. Ayman Tarabishy, M.D., PLLC*, No. 22-cv-12736, 2023 WL 11984999, at *2 (E.D. Mich. Sept. 22, 2023)—where Plaintiffs, here, sought and were denied the fees and costs related to their enforcement of a subpoena issued to non-party CRS.

Thus, the Court is **VACATING** the show cause order and denying Plaintiffs' request for its costs and fees in connection with their February 14 motion.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 29, 2025