ALLSTATE INSURANCE COMPANY, ET AL.,

       Plaintiffs,

v.

SPINE SPECIALISTS OF MICHIGAN, P.C., et al,

       Defendants.

**Discovery Master:**
**Hon. Victoria A. Roberts (ret.)**

E.D. Michigan Case No. 24-11881
Hon. Linda V. Parker

## <u>ORDER REGARDING DISCOVERY DISPUTE</u>
## <u>AND REQUEST FOR PRE-MOTION CONFERENCE</u>

The Special Master reviewed Allstate's letter request for a pre-motion conference submitted on December 19, 2025, as well as the Defendants' January 2, 2026 response, provided at my request.

Based on the response and my guidance provided below, please advise whether Allstate believes it is necessary to file a motion, schedule a conference, or if additional intervention from me is required.

My assessment of the situation today is as follows.

    1. **Email searches with domains "@noramlab.com" or "@misurg."**
Defendants say that while a search by a third-party vendor did uncover such emails, an issue with Microsoft prevents the vendor from downloading the exported files. Microsoft is working on it, and the emails will be produced as soon as the IT issue is resolved.

At this stage, the Defendants have limited options available. I request that they obtain an estimated resolution date from Microsoft, and this date must be within the next 30 days.

Allstate counsel: does this satisfy your client?

**2. Allstate Damages**

Defendants state that they do not maintain records of payments Allstate made to Defendants on behalf of the patients Allstate identified in the First Amended Complaint). They say, however, that they produced all tax records, bank records and financial records without redactions, and that these records contain evidence of any payment received or made by the Defendants during the relevant period requested. They say part of the information (for MASC and ASA) is in Bates SSOMO026525-026567.  They say the payment records to SSOM are being created and will be produced to Allstate upon completion. I would ask Defendants to give Allstate a date by which these records will be completed, and this date must be within the next 30 days.

Allstate counsel: is this sufficient? If not, what more do you want Defendants to do?

Further, doesn't Allstate itself have a record of payments it made to Defendants on behalf of the patients in question?

**3. Patient Records**

The defendants assert that they provided all patient and billing records in their possession. They attach to their response,  a detailed production log confirming each record production for all patient and billing records in their possession.

Allstate Counsel: is this sufficient? if not what do you want Defendants to do?

**4. Deposition of Lawrence Safadi, MD**

It appears this deposition was originally scheduled unilaterally by Allstate. I ask counsel to confer and schedule Dr. Safadi for  deposition at a convenient time for them and him, and schedule it to occur in the next 30 days.

In conclusion, I ask: (1) Allstate to answer my questions here: (2) Defendants to get deadline dates for the Microsoft fix and production to Allstate, and production of the balance of damage records;  and (3) counsel to schedule the deposition of Dr. Safadi.

**IT IS ORDERED.**

DATE: January 5, 2026

_____
Hon. Victoria A. Roberts (ret.)